on both sides, it seems unnecessary to do so. The jury can not mistake the question: What is to be the effect on the merits of this controversy, of the omission of the element of the open water-box? Is it an essential element? The defendant can not evade this patent by not using a part proved not to be material to the successful working of the plaintiff's combination; and if the jury are satisfied that the water-vessel is not an essential or material element of the invention, and that the invention can be carried into effect without it as well as with it, then they will find a verdict for the plaintiff. If, on the other hand, they find that it is an essential part of the patented machine, and that no mechanical equivalent is used as a substitute for it, then they will find for the defendant.

If you find that the defendant has infringed, it is for you to say to what damages the plaintiff is entitled. It is a rule, well settled, that the damages, in such a case as the present, will be the amount of profits that the defendant has made. The case is committed to the jury.

The jury found a verdict for the plaintiff, assessing the damages at $5.

---

## Case No. 8,117.

### LATTIMER v. SMYTHE.

[See Case No. 8,523.]

---

## Case No. 8,118.

### LAUB v. LANSDALE et al.

[1 Hayw. & H. 45.][1]

Circuit Court, District of Columbia. December 8, 1841.

EVIDENCE—CONFORM TO PLEADINGS — DAMAGES— NEGLIGENCE—IMPROPER CARE BY HIRER.

1. In order to entitle the plaintiff to recover in an action setting forth a joint promise, the proof must conform to the declaration, and show that the promise stated in the declaration was the joint promise of all the defendants.

2. A person hiring a horse is bound to take such care of him as a prudent man would take of his own horse; if the horse be sick at the time of the hiring, and was driven at a reasonable speed, for a healthy horse, for the distance travelled, no recovery can be had in case of the death of the horse from the effects of such driving and the sickness combined.

The plaintiff [William B. Laub] declared as follows:

The said plaintiff, by his attorney, complains, that on the 21st day of February, 1840. at the special instance and request of the said defendants [Enoch Lansdale and Christopher Lansdale], he let to hire and delivered to them a certain horse and buggy-carriage of the value of $350 to be used by them for one day for a certain reasonable reward, and they undertook and promised,

that they would return the said horse and buggy-carriage safely to the said plaintiff; that he, confiding and trusting in the said promise and undertaking of them, the said defendants aforesaid, made in that behalf, let to hire and delivered the said horse and buggy-carriage to the said defendants, and the said defendants then and there hired and received the same of and from the said plaintiff for the purpose and upon the terms aforesaid. Yet the said defendants, not regarding their said promise and undertaking aforesaid, made by them, but contriving and intending to injure the said plaintiff in that behalf, afterwards, to wit, on the same day and year aforesaid so improperly, violently, immoderately and carelessly rode, drove, managed and used the said horse, that by means of this the said horse was bruised, made violently sick and died, and the said defendants did not return the said horse to the said plaintiff, whereby the said plaintiff lost and was utterly deprived of the said horse; that the said horse was of the value of $150, whereby they became liable to pay the said sum of money and being so liable undertook and promised the said plaintiff to pay him on request; yet the said defendants, not regarding their said promises and undertakings in their behalf, although often thereto requested, have not paid the said sum of money or any part thereof, but have hitherto neglected and refused to pay the same, to the damage of the plaintiff in $300, and therefore he brings suit.

Plea, non assumpsit.

Jos. H. Bradley, for plaintiff.
Brent & Brent, for defendants.

After the close of the testimony, THE COURT instructed the jury, that in order to enable the plaintiff to recover in this action, he must prove to the satisfaction of the jury that the promise stated in the declaration was a joint promise made by both the defendants. That if the jury believe from the evidence aforesaid that the horse in dispute was sick and over-fatigued when delivered to the defendants, or either of them, and that the defendants drove the horse at a reasonable speed for the distance travelled (had he been a sound and healthy horse), then the plaintiff is not entitled to recover, although the horse may have died from the effects of such driving and previous sickness combined. But if the jury shall further find that the defendants did not take such care of the horse after they hired him, as a prudent man would have taken of his own horse, and the horse died from such want of care, then the plaintiff is entitled to recover, if they shall find the contract as stated in the first instruction.

Verdict for the defendants.

---

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

LAUB (UNITED STATES v.). See Case No. 15,568.